Where an execution sale was postponed from February 13th to February 15th, without objection, and on the 14th the sheriff was enjoined from holding the sale on the 15th, and it was not held until the 24th, an item in the sheriff's bill of $60 for keeper's fees was reasonable.

Appeal from special term.

Action by the Van Publishing Company against the Teachers' Magazine Publishing Company. From an order taxing a bill of costs and disbursements, plaintiff appeals. Affirmed.

Argued before CONLAN and HASCALL, JJ.

Lyon & Smith, for appellant.
Philip J. Britt, for respondent.

CONLAN, J. Objection is made to an item of $60 for keeper's fees. It appears that a sale was advertised for the 13th of February, and before the day of sale notice was sent to the plaintiff's attorney that the sale would be postponed to February 15th. To this no objection was made. On the 14th of February the sheriff was served with an order appointing a receiver of the defendant, and enjoining sale on the 15th, and the sale subsequently occurred on February 24th by an order of the supreme court. The keepers of the sheriff were in charge of the property until February 23d, and the amount taxed is the reasonable allowance for such service. We cannot say that any error was committed by the sheriff, and the order appealed from should therefore be affirmed; but, as the amount of the fund realized on the sale is so small, we do not think any costs should be awarded on this appeal to the prevailing party.

HASCALL, J., concurs.

---

## SCHEUER v. ROSENBAUM.

(City Court of New York, General Term. July 11, 1900.)

VERDICT—CONFLICTING EVIDENCE—REVIEW.

Where evidence was conflicting as to whether goods ordered by defendant were delivered in time, and the charge clearly submitted the whole case to the jury, including the question of delivery, the jury's affirmative finding was not disturbed on appeal.

Appeal from special term.

Action by Max Scheuer against Selig Rosenbaum. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Affirmed.

Argued before CONLAN, SCHUCHMAN, and HASCALL, JJ.

Rose & Putzel, for appellant.
Louis Hess, for respondent.

CONLAN, J.    The simple question before us on this appeal was whether or not certain goods ordered by the defendant from the plaintiff were delivered or tendered in time.    Upon this question the evidence upon the trial was in conflict, and the charge of the trial justice, to which there was no exception, clearly stated the whole case to the jury.  In addition to this, the defendant at the close of all the testimony asked the court to submit to the jury this precise question of delivery, and the court acquiesced.  The jury determined the whole matter in favor of the plaintiff, and we have no inclination to disturb their finding.

Judgment and order appealed from must therefore be affirmed, with costs.    All concur.